# PLUNKETT *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

This being an action by a mother for the homicide of her son; the declaration alleging that the deceased was an employee of the defendant railroad company and was engaged as a car-sealer in its yard, and that his death was brought about by being crushed between two cars where an opening had been left in the train of cars for the use of the employees in the yard, such opening being closed up by a sudden movement of the train without notice to deceased; and the evidence showing that the deceased was injured while attempting to go through an opening which was not left for the use of the employees of the yard, and was only such an opening as was usual and necessary from time to time in shifting cars in the yard, there was no error in granting a nonsuit.

Argued June 8, — Decided July 25, 1898.

Action for damages. Before Judge Eve. City court of Richmond county. November term, 1897.

*J. S. & W. T. Davidson,* for plaintiff. *Lawton & Cunningham, J. C. C. Black* and *Hamilton Phinizy,* for defendant.

COBB, J. This was an action against the Central of Georgia Railway Company for damages on account of the killing of the plaintiff's minor son, by the coming together of cars between which he was attempting to pass while on his way to the defendant's yard-office from its railroad-yard, where he had been engaged in the performance of his duties as a car-sealer in the employment of the defendant. When this case was here before (102 *Ga.* 577) on exception to the judgment of the trial court in overruling the defendant's demurrer, such judgment was affirmed upon the ground that the petition alleged that the opening between the cars had been left for the use of the employees of the defendant in going backward and forward within the railroad-yard, and that such being the case, the railroad company was under an obligation to notify its employees when such opening was about to be closed up, and having closed it up without notice to the plaintiff's son, who was lawfully engaged at his work in the defendant's yard, and on account of the failure to so notify him he being crushed between the cars, the company would be liable. This was the only ground of negligence which

this court thought sufficient to sustain the petition filed by the plaintiff. Upon the trial of the case it appeared that the opening had not been left for the use of the employees of the defendant, but was such an opening as was ordinarily left from time to time in railroad-yards, caused by the shifting from place to place of the cars which were usually therein. Such being the case, the defendant was under no duty to notify its employees when this opening would be closed up; and therefore an employee who attempted to use such an opening in going from place to place in the yard took the risks incident thereto, and if injured, would have no right of action against the company. The evidence entirely failing to make out the case made by the petition, there was no error in granting a nonsuit.

*Judgment affirmed. All the Justices concurring.*